IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-61654-DPG

In re:

ALI REZA ZARGARAN,

    Debtor,
_____/

KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

    Plaintiff,

v.

ALI RAFIEE, MARYAM BAKER and
FARIDEH HANIFY,

    Defendants.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE AND TESTIMONY CONCERNING FUNDS USED TO PURCHASE REAL PROPERTY**

Kenneth A. Welt, as the Chapter 7 trustee (the *"Plaintiff"*) for the bankruptcy estate of Ali Reza Zargaran (the *"Debtor"*), by and through his undersigned counsel and in accordance with this Court's Scheduling Order Setting Civil Trial Date and Pretrial Schedule [ECF No. 18], files this *Motion in Limine to Exclude Irrelevant Evidence and Testimony Concerning Funds Used to Purchase Real Property*. In support, the Plaintiff states as follows:

**PRELIMINARY STATEMENT**

It is the Plaintiff's belief that the defendant, Ali Rafiee (the *"Defendant"*), will attempt to introduce evidence or seek testimony from the Plaintiff regarding the funds used by the Debtor to

purchase the Real Property (as defined below).  Specifically, the Debtor (an ex-doctor) had a brokerage account in his medical practice's name.  During the Debtor's Chapter 11 bankruptcy case, and immediately before his Chapter 11 case was converted to Chapter 7, the Debtor transferred $462,489.53 from his medical practice's brokerage account to Cornerstone Title San Antonio in order to purchase the Real Property.  Upon receipt of the $462,489.53, the Real Property was titled in the name of the Debtor and his wife.  Three days later, the Debtor's Chapter 11 case was converted to Chapter 7.

Any evidence or testimony regarding the source of the $462,489.53 should be excluded from the trial in this matter because it is not relevant, and will confuse and/or mislead the jury.  It is anticipated that the Defendant will argue that because the funds used by the Debtor to purchase the Real Property came from his medical practice's brokerage account, that the initial transfer was from the medical practice and therefore the Plaintiff would need to prove that the medical practice was the Debtor's alter-ego to prove actual injury to the estate.

In the instant case, the Real Property was put into the Debtor and his wife's name.  It is irrelevant where the funds to purchase the Real Property came from – the Debtor and his wife owned the Real Property when they purchased it in their names.  In addition, the initial transfer (to the extent it is even relevant) is from the Debtor and his wife to the Defendant.  Therefore, the Court should exclude such evidence or testimony regarding the source of the funds used to purchase the Real Property.

## BACKGROUND

1. On June 24, 2014 (the "***Petition Date***"), the Debtor filed a voluntary petition (the "***Chapter 11 Petition***") for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").  *See* Bankruptcy Main Case ECF No. 1.

2. On October 2, 2014, the United States Trustee's office (the "*UST*") filed its Motion to Convert or Dismiss Case (the "*UST Motion to Convert*"), which was later joined by creditors Sabadell United Bank, N.A. and Transcapital Bank. *See* Bankruptcy Main Case ECF No. 100.

3. A hearing on the UST Motion to Convert was set for October 23, 2014.

4. On October 27, 2014, an order converting the Debtor's Chapter 11 case (the "*Conversion Order*") to Chapter 7 of the Bankruptcy Code was entered. *See* Bankruptcy Main Case ECF No. 112.

5. On October 30, 2014, the Plaintiff was appointed as the Chapter 7 trustee in the Debtor's main bankruptcy case. *See* Main Case ECF No. 116.

6. On October 24, 2014, one (1) day after the UST Motion to Convert and three (3) days before the Conversion Order and without court authority, and by using the Cornerstone Transfer (as defined below), the Debtor and Maryam Baker ("*Debtor's Wife*") acquired title to the real property located at 10431 Springcroft Court, Helotes, Texas 78023 (the *"Real Property"*) from RH of Texas Limited Partnership by a special warranty deed (the "*Zargaran Deed*").

7. Once the Debtor and his wife acquired title to the Real Property on October 24, 2014, the Real Property became property of the Estate and subject to this Court's jurisdiction.

8. Approximately three (3) weeks after entry of the Conversion Order, on November 12, 2014, and without court approval, the Debtor and Debtor's Wife contracted to sell the Real Property to Defendant (the "*Contract*") for $375,000.00 (the *"Purchase Price"*), which is approximately $85,000.00 less than the purchase price paid by Debtor and Debtor's wife just three (3) weeks earlier.

9.     On November 19, 2014, seven (7) days after execution of the Contract and without Court approval, the Debtor and Debtor's Wife transferred the Real Property to Defendant by special warranty deed (the "***Rafiee Transfer***").

## THE CORNERSTONE TRANSFER

10.    The Debtor, in June 1995, incorporated Ali Reza Zargaran, M.D., P.A. (the "***Practice***").

11.    On his bankruptcy Schedule B, the Debtor listed himself as the sole shareholder of the Practice.  *See* Bankruptcy Main Case ECF No. 24.

12.    In December 2013, the Debtor opened an investment brokerage account with TD Ameritrade (the "***Investment Account***") titled in the name of the Practice.

13.    On October 23, 2014, the same day as the hearing on the UST Motion to Convert, the Debtor transferred $462,489.53 from the Investment Account to Cornerstone Title San Antonio (the "***Cornerstone Transfer***") in order to purchase the Real Property.

14.    Upon receipt of the Cornerstone Transfer, the Real Property was put in the name of the Debtor and the Debtor's Wife.

## LEGAL ARGUMENT

### A. Standard for Motion in Limine

Federal courts have inherent authority to hear "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  The purpose of motions in *limine* is to avoid any futile attempt to "unring the bell" when prejudicial evidence is offered but stricken at trial. *McEwen v. City of Norman, Okla*., 926 F.2d 1539, 1548 (10th Cir. 1991).  As such, the Court may decide the instant Motion to ensure there is not a presentation of irrelevant, unfairly

...
...

prejudicial, and confusing evidence.  *See United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).

    **B.** **The Cornerstone Transfer (and funds used to fund same) is Irrelevant, Misleading, and Will Confuse for the Jury**

Federal Rule of Evidence 402 states that "irrelevant evidence is not admissible."  Federal Rule of Evidence 401 sets forth the test for determining relevancy of evidence, and declares that evidence is relevant only if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also U.S. v. Madera*, 574 F.2d 1320, 1322 (5th Cir. 1978).  Finally, even if evidence is relevant under Rule 401, pursuant to Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also U.S. v. Madera*.

As the Court knows, in order for the Plaintiff to prove its case in chief under 11 U.S.C. § 549(a) and avoid the Rafiee Transfer, the Plaintiff must prove that: "(1) [t]here was a transfer (2) of property of the estate (3) after the commencement of the case (4) that was not authorized under the Bankruptcy Code or by the bankruptcy court." *In re Marrero*, 382 B.R. 861, 865–66 (B.A.P. 1st Cir. 2008).  The Defendant's only defense to a Section 549(a) transfer is embodied in 11 U.S.C. § 549(c), which provides that the Defendant must prove: "(1) was the transferee a good faith purchaser without knowledge of the commencement of the case; (2) did the transferee pay 'present fair equivalent value;' and (3) was the transferee's interest perfected before a copy or notice of the bankruptcy petition was recorded, such that a bona fide purchaser under state law could not have acquired a superior interest." *See In re Vallecito*, 461 B.R. 358, 402 (Bankr. N.D.

Tex. 2011); see also 11 U.S.C. § 549(c).[1]  None of the foregoing elements requires a showing of where the funds used to purchase the Real Property came from.

Stated simply, any evidence or testimony regarding the Cornerstone Transfer (or the source of the funds used to make the Cornerstone Transfer) is irrelevant, as it has no tendency to make any consequential fact in this litigation more or less probable.  In addition, it is misleading and confusing given that it has no bearing on the ultimate outcome of this case.  It is undisputed that the Real Property was titled in the Debtor and the Debtor's Wife's name on October 24, 2014 – three days before the entry of the Conversion Order (i.e. on October 27, 2014).  It further cannot be disputed that at the time the Real Property was put into their name on October 24, 2014, that the Real Property belonged to the Debtor and the Debtor's wife.  As a result, and pursuant to 11 U.S.C. §§ 541(a)(2) and 1115(a)(1), the Real Property became property of the Debtor's Chapter 7 bankruptcy estate on October 27, 2014.  Specifically,

Section 541(a)(2) provides:

(a)   The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(2)   All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

---

[1] Section 549(c) provides:

The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

  (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

Section 1115(a)(1) provides:

(a) In a case in which the debtor is an individual, property of the estate includes, **in addition to the property specified in section 541—**

(1) **all property of the kind specified in section 541 that the debtor <u>acquires after the commencement of the case but before the case is</u> closed, dismissed, or <u>converted to a case under chapter 7</u>, 12, or 13, whichever occurs first**; and

As a result of the foregoing, it is clear that any evidence or testimony regarding the Cornerstone Transfer (or the funds used to make the Cornerstone Transfer) should be excluded because such evidence or testimony is irrelevant, and will mislead and confuse the jury.

  WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order granting the Motion and excluding from the trial in this matter any evidence or testimony regarding the Cornerstone Transfer (or the funds used to make the Cornerstone Transfer), and for any and all further relief this Court deems just and proper.

  Dated: August 22, 2016.

                s/ Zachary N. James
                Zachary N. James, Esquire
                Florida Bar No. 893641
                zjames@melandrussin.com
                Daniel N. Gonzalez, Esquire
                Florida Bar No. 592749
                dgonzalez@melandrussin.com
                MELAND RUSSIN & BUDWICK, P.A.
                3200 Southeast Financial Center
                200 South Biscayne Boulevard
                Miami, Florida  33131
                Telephone: (305) 358-6363
                Telecopy: (305) 358-1221
                *Attorneys for Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this case on August 22, 2016.

s/ Zachary N. James
Zachary N. James, Esquire
