UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61654-DPG

In re:
ALI REZA ZARGARAN

Chapter 7

      Debtor.
_____/

Kenneth Welt, as Chapter 7 Trustee
For Ali Reza Zargaran,

      Plaintiff,

Vs.

Ali Rafiee,

      Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PROPOSED EXPERT WITNESS REPORT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Ali Rafiee ("Defendant"), by and through his undersigned counsel, hereby files his Motion in Limine to Exclude Proposed Expert Witness Report and Incorporated Memorandum of Law ("Motion"), pursuant to Local Rules 7.1(a) and 16.1(j), Federal Rules of Evidence 401, 403, 702, 703 and 801, and the additional authorities cited herein, and in support thereof states:

**BACKGROUND FACTS**

1.    This case was commenced by the Chapter 7 trustee, Kenneth A. Welt ("Plaintiff") when he filed his Complaint for Declaratory Judgment, and Recovery of Postpetition Transfers ("Adversary Complaint") on February 1, 2015. The Adversary Complaint was dismissed by the Bankruptcy Court on April 23, 2015 and on May 15, 2015, Plaintiff filed his Amended Complaint ("Amended Complaint").

2. On June 13, 2016, the Bankruptcy Court dismissed Count IV through XI of the Plaintiff's Amended Complaint [ECF No. 6, pp. 192-193], on June 15, 2016, the Bankruptcy Court entered its Order Transferring Adversary Proceeding to the Honorable Darrin P. Gayles for Trial [ECF No. 6, pp. 204-205] and on June 24, 2016, this Court entered its Order reopening this case and setting a status conference [ECF No. 8]. On June 30, 2016, the Court reset the status conference to July 13, 2016, at 9:30 AM [ECF No. 10]. This case is now set for trial. ECF No. 18.

3. The main issues now in dispute between Plaintiff and Defendant center around the purchase and sale of a parcel of real property and are (a) whether or not the Defendant had knowledge of the chapter 7 debtor, Ali Reza Zaragaran ("Debtor")'s bankruptcy case at the time of the real estate transaction, and (b) whether or not the Defendant paid any consideration to the Debtor for the relevant real property.

4. Plaintiff's initial disclosures evidence that Plaintiff intends introduce at trial in this matter the expert report ("Report") of his proposed expert witness, Brad Irelan, Esq. ("Irelan").[1] The Report is hearsay and a legal conclusion not authorized by the Federal Rules of Evidence and should be excluded on such bases, and because of its potential to confuse and mislead the jury, and substantially prejudice the Defendant.

5. Plaintiff intends to use the Report in this case in order to establish that in Irelan's opinion, the Defendant does not constitute a *bona fide* purchaser under Texas law. Irelan has no personal knowledge of any fact of consequence related to the real estate transaction at issue, nor could the Report have a tendency to make any fact at issue more or less probable. The Report is classic hearsay but more importantly, it could not assist the trier of fact in determining a fact at issue, and it is neither (i) based

---

[1] Irelan's qualifications and experience are being challenged by the Defendant by separate motion.

on sufficient facts or data, or (ii) the product of reliable principles and methods that have been reliably applied to the facts of this case.

6.     While Irelan may be an expert in Texas real property law, title issues and real property litigation, his qualifications and the Report are irrelevant with regard to whether or not the Defendant paid consideration for the real property at issue, and could only serve to confuse and mislead the jury, unfairly prejudice the Defendant and waste the Court's time.

## MEMORANDUM OF LAW

### a. Legal Standards

7.     In order for a witness to testify concerning a matter, the proponent of the testimony must offer evidence sufficient to support a finding that the witness has personal knowledge of the matter, or that the proposed testimony is rationally based upon the witness' perception. *Fed. R. Evid. 602 and 701*.[2]  See also *United States v. Barnes*, 481 Fed. Appx. 505, 511-512 (11th Cir. 2012):

> "Under Rule 602, '[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.' *Fed. R. Evid. 602*. A witness's lay opinion is admissible if, inter alia, it is 'rationally based on the witness's perception.' *Fed. R. Evid. 701*. This limitation on lay opinion testimony is 'the familiar requirement of first-hand knowledge or observation'."

(citing *United States v. Jayyousi*, 657 F. 3d 1085, 1102 (11th Cir. 2011) (quoting the advisory committee's note to Rule 701).

---

[2] Plaintiff has listed himself as an expert witness in his initial disclosures, so Fed. R. Evid. 702 and 703 need not be evaluated in this instance.

8. Further, Federal Rule of Evidence 401 requires that proposed evidence (i) relate to a fact of consequence in determining the action and (ii) has a tendency to make a fact more or less probable than it would be without the evidence.

9. Court's within this Circuit have broad discretion in determining the admissibility of evidence. *Valdes v. Miami-Dade County*, No. 12-22426, 2010 U.S. Dist. LEXIS 155196, *2 (S.D. Fla. Nov. 17, 2015) (citing *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998):

> "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may be irretrievably affect fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 U.S. Distr. LEXIS 44053, 2007 WL 1752843, *1 (M.D. Fla. 2007); *Luce v. United States*, 469 U.S. 38, 41, 105 D. Ct. 460, 83 L. Ed. 2d 443 (1984)).

10. When considering a proposed expert witness, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or **to determine a <u>fact</u> in issue**; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. *Fed. R. Evid. 702* (emphasis added).

11. When considering the reliability of an expert's methodology, the Court must evaluate:

> "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or

potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community."

*United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (internal citations omitted).[3]

12. Federal Rule of Evidence 801 precludes from presentment to the jury or admission at trial an out of court statement offered for the truth of the matter asserted therein. Fed. R. Evid. 801. In addition, a proposed expert report may not contain conclusions of law that will not assist the trier of fact in determining a fact at issue. See *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 2004 U.S. Dist. LEXIS 30736 (S.D. Fla. 2004) (in patent infringement case, the court limited the opinions of the proposed expert attorney and directed that such testimony, "…if offered, 'shall not include any exposition or opinion as to the legal issues in this case or patent law generally'.") (internal citations omitted).

### b. Legal Argument

13. In this case Irelan has no personal knowledge of the real estate transaction at issue, nor did he observe anything of consequence related to that transaction. Irelan could offer no testimony that is based upon his perception, or rationally based on his perception.

14. Plaintiff's remaining claims in this litigation involve only legal theories that are constructs of Federal Bankruptcy law, and are not dependent upon, nor do they rely upon any fact at issue to which Irelan could testify. The Report contains a mere *legal opinion*, namely that Defendant could not be a *bona fide* purchaser under Texas real

---

[3] The Eleventh Circuit went on to note that these same criteria may be used to evaluate non-scientific, experience-based testimony. *Id.*

property law, that the Defendant did not purchase the real property in good faith and the transaction was not at arm's length. Irelan also proposes to suggest that the Defendant knew the Debtor, Ali Reza Zargaran. Irelan has no personal knowledge to support these beliefs, but rather suggests that the following facts necessarily lead to this (foregone) conclusion:

    a. The property was purchased for $87,500 below the prior purchase price;

    b. There was no earnest money requested or received;

    c. There was no title insurance purchased by Rafiee;

    d. Title was not examined; and

    e. The transaction closed without an escrow party to hold settlement funds.

15. Irelan may be an expert in Texas real property law, but he is not an expert and has no qualifications or experience in the realm of an all cash international acquisition of real property with a non-domestic, non-U.S. citizen (Spanish)[4] purchaser, and apparently any transaction that does not follow a typical real estate closing with lender financing that *requires* certain measures to be taken to protect the *lender*.

16. Neither Plaintiff nor Irelan have supplied any verifiable indication that Irelan's seemingly arbitrary method for determining that the Defendant is not a *bona fide* purchaser under Texas law and the transaction could not have been at arm's length, are a sufficiently reliable methodology. When considering the reliability of an expert's methodology, the Court must evaluate:

> "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or

---

[4] It is undisputed that the Defendant is a citizen of Spain only.

potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community."

*United States v. Frazier*, 387 F.3d 1244, 1262 (11th Cir. 2004) (internal citations omitted).[5]

17. Here, Irelan's methodology fails when evaluated under each of the aforementioned factors. Irelan's theory could be tested but has not been tested. Irelan's theory has not been subject to peer review. There is no known rate of error for Irelan's theory, and it is not generally accepted in the community. Rather, it is an arbitrary, biased and prejudicial legal conclusion that is not based on any reliable methods or techniques.

18. Even assuming that Irelan's proposed testimony and opinion is based upon reliable methods and techniques, the Report cannot assist the trier of fact in determining a *fact* at issue. See ¶ 10, *infra*; *Frazier*, 387 F.3d at 1262. (stating "[t]he final requirement for admissibility of expert testimony under Rule 702 is that it assist the trier of fact. By this requirement, expert testimony is admissible if it *concerns matters that are beyond the understanding of the average lay person*.") (emphasis added).

19. Irelan's Report is Plaintiff's attempt to "steer" the jury towards Irelan's conclusion, a matter squarely within the understanding of an average lay person and the jury. Irelan's Report will not help the jury understand a matter beyond their comprehension, but would rather "suggest" that one possible belief is the only possible conclusion.

---

[5] The Eleventh Circuit went on to note that these same criteria may be used to evaluate non-scientific, experience-based testimony. *Id.*

20. Finally, assuming Irelan's Report is otherwise admissible under Fed. R. Evid. 702, it should be excluded under Fed. R. Evid. 403 on account of it having the potential to mislead and confuse the jury.

> "Because of the powerful and potentially misleading effect of expert evidence, see *Daubert*, 509 U.S. at 595, 113 S. Ct. at 2798, sometimes expert opinions that may otherwise meet the admissibility requirements may still be excluded by applying Rule 403.  Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury, see *Rouco*, 765 F. 2d at 995, or if the expert testimony is cumulative or needlessly time consuming."

*Frazier*, 387 F.3d at 1262 (internal citations omitted).

21. The Report is merely a legal conclusion that contains no probative value, but rather is substantially outweighed by its potential to confuse and mislead the jury. The Report cannot offer any assistance to the jury in determining a fact at issue, but rather would suggest that Irelan's opinion on a question of law should be the jury's conclusion.  The Report will not assist the trier of fact in ascertaining any fact in dispute, it will merely confuse and mislead the jury and encourage them to find as he has.

22. Even assuming that Irelan is qualified and can testify as an expert in this case, the Report is an out of court statement offered to prove the truth of the matter asserted and must be excluded pursuant to Fed. R. Evid. 801.  The Report is not subject to any exception to this Rule set forth in Fed. R. Evid. 803.

23. More importantly, however, the Report does not opine on facts at issue in in this case but rather makes conclusions of law on the ultimate issues.  While the report is not *per se* excluded for discussing the ultimate issues, see Fed. R. Evid. 703, is should be excluded for providing expert opinions on questions of law.  See *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 2004 U.S. Dist. LEXIS 30736 at 69 (citing *Donnelly*

*Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1137 (W.D. Mich. 1996); stating "experts must walk a fine line: they must give their expert opinions on ultimate issues of fact, while explaining their own understanding of the law, but without purporting to give expert opinions as to what the law is."); (holding that the proposed expert (i) "shall not include any exposition or opinion as to the legal issues in this case or patent law generally", and (ii) …may not offer opinions regarding claim construction, infringement, or any other issues of law.")

## CONCLUSION

In this case Irelan has no personal knowledge of the real estate transaction at issue, nor did he observe anything of consequence related to that transaction.  Neither Plaintiff nor Irelan have supplied any verifiable indication that Irelan's method for determining that the Defendant is not a *bona fide* purchaser under Texas law is anything but arbitrary, and the transaction could not have been arm's length.  Irelan's Report is merely a legal conclusion that contains little to no probative value, and is substantially outweighed by its potential to confuse and mislead the jury and unfairly prejudice the Defendant.  The Report should be excluded from trial in this matter in accordance with Fed. R. Evid. 401, 403, 702, 703 and 801, and this Court should exercise its discretion and exclude him from testifying.

**WHEREFORE** Defendant requests that Court enter an Order (i) granting this Motion, (ii) excluding the Report from trial in this matter, and (iii) granting any further and additional relief the Court deems just and prudent.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court of the Southern District of Florida, and that a true and correct copy of the FOREGOING was filed

using CM/ECF and served this 22nd day of August, 2016: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this case.

    Moffa & Breuer, PLLC
Attorneys for Ali Rafiee
1776 N. Pine Island Rd, Suite 102
Plantation, FL 33322
Telephone   954-634-4733
FAX             954-337-0637
Email  Stephen@Moffa.law
By:  */s/ Stephen C. Breuer*
    Stephen C. Breuer
    FBN 99709