UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61654-DPG

In re:
ALI REZA ZARGARAN

                         Chapter 7

        Debtor.
_____/

Kenneth Welt, as Chapter 7 Trustee
For Ali Reza Zargaran,

        Plaintiff,
Vs.

Ali Rafiee,

        Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PROPOSED EXHIBITS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Ali Rafiee ("Defendant"), by and through his undersigned counsel, hereby files his Motion in Limine to Exclude Plaintiff's Proposed Exhibits and Incorporated Memorandum of Law ("Motion"), pursuant to Local Rules 7.1(a) and 16.1(j), RFed. R> Evid. 401 and 403, and the additional authorities cited herein, and in support thereof states:

### BACKGROUND FACTS

1.    This case was commenced by the Chapter 7 trustee, Kenneth A. Welt ("Plaintiff") when he filed his Complaint for Declaratory Judgment, and Recovery of Postpetition Transfers ("Adversary Complaint") on February 1, 2015. The Adversary Complaint was dismissed by the Bankruptcy Court on April 23, 2015 and on May 15, 2015, Plaintiff filed his Amended Complaint ("Amended Complaint").

2.     On June 13, 2016, the Bankruptcy Court dismissed Count IV through XI of the Plaintiff's Amended Complaint [ECF No. 6, pp. 192-193], on June 15, 2016, the Bankruptcy Court entered its Order Transferring Adversary Proceeding to the Honorable Darrin P. Gayles for Trial [ECF No. 6, pp. 204-205] and on June 24, 2016, this Court entered its Order reopening this case and setting a status conference [ECF No. 8]. On June 30, 2016, the Court reset the status conference to July 13, 2016, at 9:30 AM [ECF No. 10]. This case is now set for trial [ECF No. 18].

3.     The main issues now in dispute between Plaintiff and Defendant center around the purchase and sale of a parcel of real property and are (a) whether or not the Defendant had knowledge of the chapter 7 debtor, Ali Reza Zaragaran ("Debtor")'s bankruptcy case at the time of the real estate transaction, and (b) whether or not the Defendant paid any consideration to the Debtor for the relevant real property.

4.     Before this case was transferred to this Court, the parties exchanged their proposed exhibits for trial and, the Defendant now files this Motion asking the Court to exclude from trial a number of the Plaintiff's proposed exhibits pursuant to Federal Rules of Evidence 401, 402 and 403[1] and the additional authority cited herein, on account of such proposed exhibits being either (a) irrelevant or (b) unfairly prejudicial, confusing, misleading, creating an undue delay, wasting of time and/or needlessly presenting cumulative evidence.

---

[1] The Federal Rules of Evidence are applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 9017.

## MEMORANDUM OF LAW

### *a. Legal Standards*

5. Court's within this Circuit have broad discretion in determining the admissibility of evidence.  *Valdes v. Miami-Dade County*, No. 12-22426, 2010 U.S. Dist. LEXIS 155196, *2 (S.D. Fla. Nov. 17, 2015) (citing *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

> "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may be irretrievably affect fairness of the trial.  A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds."  *Id.* (citing *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 U.S. Distr. LEXIS 44053, 2007 WL 1752843, *1 (M.D. Fla. 2007); *Luce v. United States*, 469 U.S. 38, 41, 105 D. Ct. 460, 83 L. Ed. 2d 443 (1984)).

6. Further, the Court's in this Circuit have been provided ample authority and direction to exclude former trial court judgments from evidence as inherently unfairly prejudicial, since by their very nature they would be afforded undue weight by a jury. *King v. Cessna Aircraft Co.*, No. 03-20482, 2010 U.S. Dist. LEXIS 53585, *34 (S.D. Fla. May 6, 2010) (citing Fed. R. Evid. 403 and *Nipper v. Snipes*, 7 F.3d 415, 417-418 (4th Cir. 1993); *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1286 (11th Cir. 2001); *Blue Cross and Blue Sheild of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001)).

> "In addition, there exists considerable authority that supports the exclusion of judicial findings as prejudicial pursuant to *Fed. R. Evid. 403* because '[j]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, creating a serious danger of unfair prejudice'."  *King*, 2010 U.S. Dist. LEXIS at *33-34, *citing Nipper*, 7 F.3d at 417-418.

7. In order to be admissible, evidence must first be relevant.  Fed. R. Evid. 402.  The test for relevance is whether or not the evidence (1) has the tendency to

make a fact more or less probable than it would without the evidence, and (2) the fact is of consequence in determining the action.  Fed. R. Evid. 401.

8. In addition, relevant evidence may be excluded if its probative value is substantially outweighed by a danger of (i) unfair prejudice, (ii) confusing the issues, (iii) misleading the jury, (iv) undue delay, (v) wasting time, or (vi) needlessly presenting cumulative evidence.  Fed. R. Evid. 403.

### *b. Proposed Exhibits that Should be Excluded*

9. Plaintiff's proposed exhibits total forty five (45), many of which should be excluded pursuant to Fed. R. Evid. 401, 402 and 403.  Plaintiff proposes to introduce numerous documents from the Debtor's bankruptcy case that do not have any tendency to make more or less probable any fact at issue in the case.  These documents are irrelevant pursuant to Fed. R. Evid. 401 but assuming they are relevant, they should nonetheless be excluded pursuant to Fed. R. Evid. 403 since their probative value is substantially outweighed by a danger of (i) unfair prejudice, (ii) confusing the issues, (iii) misleading the jury, (iv) undue delay, (v) wasting time, or (vi) needlessly presenting cumulative evidence.  The following proposed exhibits fall into this category ("Category 1") and should therefore be excluded:

- Chapter 11 Voluntary Petition filed by Ali Reza Zargaran [ECF No. 1, Case No. 14-24390-RBR] ;

- Schedules and Statement of Financial Affairs filed by Zargaran [ECF No. 24, Case No. 14-24390-RBR];

- United States Trustee's Motion to Convert or Dismiss Case [ECF No. 100, Case No. 14-24390-RBR];

- Notice of Hearing on United States Trustee's Motion to Convert or Dismiss Case [ECF No. 101, Case No. 14- 24390-RBR];

- Order Converting Case to a Chapter 7 Case [ECF No. 112, Case No. 14-24390- RBR];

- Articles of Incorporation for Ali Reza Zargaran, M.D., P.A.;

- Texas Limited Term Identification Card for Defendant;

- November 20, 2014 Tax Certificate for Helotes, TX property;

- November 20, 2014 Bexar County Property Search for 2015 tax period for property belonging to Debtor and Wife;

- Commitment for Title Insurance and related documents;

- June 07, 2016 Property Appraised Value for Helotes Property from Bexar County Property Records Online;

- December 09, 2014 Letter from TD Ameritrade; and

- Amended Complaint [ECF No. 29];

10. Presenting the following documents would constitute a waste of time, needlessly presenting cumulative evidence and should similarly be excluded from trial pursuant to Fed. R. Evid. 401 and 403, as the only information contained in these papers and documents are facts that are not in dispute ("Category 2"):

   o Plaintiff's First Request for Production of Documents to Defendant Ali Rafiee;

   o Defendant's Response to Request for Production;

   o Plaintiff's First Set of Interrogatories to Defendant Ali Rafiee;

   o Ali Rafiee's Responses/Answers to Plaintiff's First Set of Interrogatories;

- o Plaintiff's Second Request for Production of Documents to Defendant Ali Rafiee;
- o TD Ameritrade Statement for Account ending 2220 for 12/01/13 – 12/31/13;
- o TD Ameritrade Statement for Account ending 2220 for 10/01/14 – 10/31/14;
- o Disbursement Summaries Ameritrade Account;
- o October 26, 2015 Email from Jeffrey Solomon re Defendant's Passport;
- o November 23, 2015 Declaration Under Penalty of Perjury by Defendant Ali Rafiee in Opposition to Plaintiff's Motion for Summary Judgment;
- o May 05, 2015 Email from Erin Padron at Trinity Title of Texas to Larry Pecan re: not handling closing of Helotes, TX property;
- o June 07, 2016 Bexar County Property Search Website;
- o June 07, 2016 Online Bexar County Property Search in the name of Ali Rafiee for Tax Year 2016; and
- o February 1, 2015 Recorded Notice of Lis Pendens (ECF No. 2);

11. The following documents should similarly be excluded from trial pursuant to Fed. R. Evid. 401 and 403, as they do not contain any relevant information and to the extent they do, the probative value is substantially outweighed by the danger to the Defendant of unfair prejudice, confusing the issues and misleading the jury ("Category 3"):

- Farideh Hanify's Florida Driver's License Transcript;

- Maryam Baker's application for a cosmetology license to the Florida Department of Professional Regulation;

- December 17, 1996 Deed for 1300 NE Miami Gardens Drive property;

- April 2015 Facebook and Texas Limited Term Identification Card - Ali Rafiee AKA Dominik Jalisko; and

- December 01, 2014 Email from Eva Dominguez to Ali Rafiee.

## CONCLUSION

The Plaintiff proposes to introduce numerous exhibits that are irrelevant, as they do not tend to make a fact of consequence more or less likely, and to the extent they are relevant, the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[2]

**WHEREFORE** Defendant requests that Court enter an Order (i) granting this Motion, and (ii) granting any further and additional relief the Court deems just and prudent.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court of the Southern District of Florida, and that a true and correct copy of the FOREGOING was filed using CM/ECF and served this 22nd day of August, 2016: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this case.

> Moffa & Breuer, PLLC
> Attorneys for Ali Rafiee
> 1776 N. Pine Island Rd, Suite 102
> Plantation, FL 33322
> Telephone   954-634-4733

---

[2] Defendant reserves the right to supplement and/or amend his objections and the bases for excluding the proposed exhibits.

       FAX   954-337-0637

      By: */s/ Stephen C. Breuer*
        Stephen C. Breuer
        FBN 99709
        Stephen@Moffa.law