IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-61654-DPG

In re:

ALI REZA ZARGARAN,

      Debtor,

_____/

KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

      Plaintiff,

v.

ALI RAFIEE, MARYAM BAKER and
FARIDEH HANIFY,

      Defendants.

_____/

## JOINT PRETRIAL STIPULATION

      Plaintiff, Kenneth A. Welt, as the Chapter 7 Trustee (the ***"Trustee"***) for the bankruptcy estate of Ali Reza Zargaron (the ***"Debtor"***), and Defendant Ali Rafiee (the ***"Defendant"***), by and through their undersigned counsel, hereby submit this joint pre-trial stipulation pursuant to S.D. Fla. Local Rule 16.1(e).

## Plaintiff's Statement of the Case

      This is an action to avoid an unauthorized post-petition transfer of real property pursuant to 11 U.S.C. § 549(a), located at 10431 Springcroft Court, Helotes, Texas 78023 (the "***Real Property***"), belonging to the Debtor's bankruptcy estate (the "***Estate***") without the Bankruptcy Court's approval.

On June 24, 2014, the Debtor (who is Iranian) filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  On October 2, 2014, the United States Trustee's Office filed its Motion to Convert or Dismiss Case (the "**UST Motion to Convert**"), which was heard by the Bankruptcy Court on October 23, 2014.  Four days later, on October 27, 2014, an order converting the Debtor's Chapter 11 case (the "**Conversion Order**") to Chapter 7 of the Bankruptcy Code was entered by the Bankruptcy Court. Thereafter, on October 30, 2014, the Plaintiff was appointed as the Chapter 7 trustee.

On October 24, 2014, three (3) days before the Conversion Order and without Court authority, the Debtor and Maryam Baker ("**Debtor's Wife**") acquired title to the Real Property in their names.  Approximately three (3) weeks (i.e. On November 12, 2014) after entry of the Conversion Order, and without Court approval, the Debtor and Debtor's Wife allegedly contracted to sell the Real Property to the Defendant for $375,000.00, which was approximately $85,000.00 less than the purchase price paid by Debtor and Debtor's Wife for the Real Property.

The Defendant alleges to have purchased the Real Property on November 19, 2014 (7 days after execution of the sale contract) without placing a deposit, appraising or inspecting the Real Property, and without title insurance.  Moreover, the Defendant, who is from Iran and a Spanish citizen, alleges to have paid the purchase price for the Real Property by handing a gym bag full of cash to a representative of the Debtor at a hostel in Barcelona (which representative the Defendant had never met before).  Furthermore, the Defendant admits that he has no banking documents evidencing that he had the necessary funds to purchase the Real Property.

Despite the foregoing, the Defendant has attempted to avail himself of the defense codified in 11 U.S.C. § 549(c).  Two of the elements of a Section 549(c) defense, (1) that the transferee was a good faith purchaser without knowledge of the commencement of the case, and

(2) whether the transferee paid present fair equivalent value, cannot be met by the Defendant in this case.  First, the Defendant was not a good faith purchaser of the Real Property without knowledge of the commencement of the Debtor's bankruptcy case.  And second, and perhaps more to the point, the Defendant cannot prove that he paid present fair equivalent value for the Real Property given his lack of any documentation that he actually paid <u>anything</u> for the Real Property, or had the funds to do so.

### The Defendants' Statement of the Case

The issues in this this case center around the Defendant's purchase of the Real Property. It is undisputed that the Debtor transferred $462,489.53 from a TD Ameritrade Investment Account owned by Ali Reza Zargaran, M.D., P.A.[1], to a closing agent in Texas to buy the Real Property in October of 2014.  It is undisputed that the Debtor and the Debtor's Wife entered into a written contract to sell the Real Property to the Defendant the following month, and that Debtor and his wife then transferred the Real Property to the Defendant seven (7) days after the written contract was signed and within the closing period defined in that contract.

The Defendant has cooperated throughout this case, has consistently attested to in sworn statements and has testified under oath that he never knew the Debtor of the Debtor's Wife, nor did he know of the Debtor's bankruptcy case.  The Plaintiff however, alleges that the Defendant *must have known* the Debtor or the Debtor's Wife, or is somehow otherwise connected to the Debtor.  The Plaintiff makes these assertions without having anything close to evidentiary support for this position, but rather attempts to use the Defendant's name and county of birth to associate him with the Debtor and preclude the Defendant from utilizing the protections afforded by § 11 U.S.C. 549(c) to good faith purchasers without knowledge of a bankruptcy case.

---

[1] Ali Reza Zargaran, M.D., P.A. is a Florida Profit Corporation, that was formed in 1995 and administratively dissolved in 2015.

The Defendant has explained the source of funds he used to purchase the Real Property, and has provided evidence to substantiate his explanation. The Plaintiff refuses to acknowledge the possibility that Defendant actually paid for the Real Property, instead relying on his theory that no reasonable person could ever enter into a cash transaction to buy real property without observing typical American lender requirements (where those lenders are heavily regulated). The Plaintiff has no evidence to support any fact in dispute, but would rather challenge the Defendant's evidence and attempt to exclude it from trial altogether.

<u>**The Basis of Federal Jurisdiction**</u>

This Court has jurisdiction over this cause and these parties pursuant to 11 U.S.C. § 549 and 28 U.S.C § 1334(b).

<u>**The Pleadings Raising the Issues**</u>

The issues in this case are raised by the following pleadings:

1.      The Plaintiff's Amended Complaint to Avoid Post-Petition Transfers, for Turnover, and for Damages for Civil Conspiracy and Aiding and Abetting Breach of Fiduciary Duty, Bankruptcy Fraud, and Constructive Fraud [Adversary Case ECF No. 29]; and

2.      Defendants' Answer and Affirmative Defenses to Amended Complaint and Demand for Jury Trial [Adversary Case ECF No. 37]

<u>**Pending Motions and Matters Requiring Action by the Court**</u>

The following motions and other matters are pending:

1.      Plaintiff's Motion in Limine to Exclude Morano Letter [Adversary Case ECF No. 153];

2.      Plaintiff's Motion in Limine to Exclude Dominguez Email [Adversary Case ECF No. 154];

3.      Plaintiff's Motion in Limine to Exclude Title Commitment [Adversary Case ECF No. 155];

4.      Plaintiff's Motion in Limine to Exclude Irrelevant Evidence and Testimony Concerning Funds Used to Purchase Real Property [Instant Case ECF No. 20];

5.      Defendant's Motion in Limine to Exclude Proposed Expert Witness Report and Incorporated Memorandum of Law [Instant ECF No. 22];

6.      Defendant's Motion in Limine to Exclude Proposed Expert Witness Bradford W. Irelan, Esq. from Testifying as a Witness at Trial and Incorporated Memorandum of Law [ECF No. 23];

7.      Defendant's Motion in Limine to Exclude Plaintiff from Testifying as a Witness at Trial and Incorporated Memorandum of Law [ECF No. 24];

8.      Defendant's Motion in Limine to Exclude Plaintiff's Proposed Exhibits and Incorporated Memorandum of Law [ECF No. 25];

9.      Defendant's Deposition Designations with Plaintiff's Objections Thereto [ECF No. 19]; and

10.     Plaintiff's Deposition Designations with Defendant's Objections Thereto [ECF No. 21].

### **Stipulated Facts**

1.      On June 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  See Case No. 14-24390-RBR ("Main Case"), Main Case ECF No. 1.

2.      On October 2, 2014, the United States Trustee's office (the "UST") filed its Motion to Convert or Dismiss Case (the "UST Motion to Convert"), which was later joined by

creditors Sabadell United Bank, N.A. and Transcapital Bank.

3.      On October 23, 2014, a hearing on the UST Motion to Convert was heard by the Bankruptcy Court.

4.      On October 27, 2014, an order converting the Debtor's Chapter 11 case (the "Conversion Order") to Chapter 7 of the Bankruptcy Code was entered. See Main Case ECF No. 112.

5.      On October 30, 2014, the Plaintiff was appointed as the Chapter 7 trustee in the Debtor's Main Case.  See Main Case ECF No. 116.

6.      On May 15, 2015, the Plaintiff filed his Amended Complaint (the "Complaint") in the adversary case styled Welt v. Rafiee, et al.  See Adversary Case No. 15-01083-RBR ("Adversary Case"), Adversary Case ECF No. 29.

7.      On June 3, 2015, the Defendant filed his Answer and Affirmative Defenses to Amended Complaint and Demand for Jury Trial.  See Adversary Case ECF No. 37.

8.      On October 24, 2014, three (3) days before the Conversion Order and without Court authority, the Debtor and Maryam Baker ("Debtor's Wife") acquired title to the real property located at 10431 Springcroft Court, Helotes, Texas 78023 (the "Real Property") from RH of Texas Limited Partnership by a special warranty deed (the "Zargaran Deed").

9.      The Real Property was acquired by the Debtor and Debtor's Wife directly from the builder.

10.     Approximately three (3) weeks later, after entry of the Conversion Order, on November 12, 2014, and without Court approval, the Debtor and Debtor's Wife contracted to sell the Real Property to Defendant (the "Contract") for $375,000.00 (the "Purchase Price"), which is approximately $85,000.00 less than the purchase price paid by Debtor and Debtor's

Wife.

11.    The Contract required, amongst other things,:

— no deposit;

— closing within fifteen (15) days; and

— for the Debtor and Debtor's Wife to pay for and furnish title insurance to the Defendant.

12.    On November 19, 2014, seven (7) days after execution of the Contract and without Court approval, the Debtor and Debtor's Wife transferred the Real Property to Defendant by special warranty deed (the "Rafiee Transfer").

13.    At the time of the recording of the special warranty deed which transferred title to the Real Property to Defendant, no copy of the Petition was filed or recorded in the Official Public Records of Bexar County, Texas, the county in which the Real Property is located.

14.    On February 3, 2015, the Plaintiff recorded a notice of lis pendens in the Official Public Records of Bexar County, Texas, the county in which the Real Property is located.

15.    Request No. 7 in Plaintiff's First Request for Production to Defendant requests:

A copy of all financial records including any bank statements, canceled checks and ledgers since January 1, 2014 of any and all accounts used to fund the purchase of the Real Property.

16.    Defendant's response to Request No. 7 in Plaintiff's First Request for Production was "None."

17.    The Defendant has produced no banking records evidencing his payment of the Purchase Price for the Real Property.

18.    Prior to his purchase of the Real Property, the Defendant did not hire a property inspector to conduct an inspection of the Real Property.

19.     Prior to his purchase of the Real Property, the Defendant did not obtain an appraisal of the Real Property.

20.     Prior to his purchase of the Real Property, the Defendant had not been to the Real Property.

21.     Prior to his purchase of the Real Property, the Defendant did not have a title underwriter conduct a title search on the Property.

22.     The Defendant did not receive title insurance from the Debtor and Debtor's Wife pursuant to the terms of the Contract.

23.     Since July 13, 2015, Defendant has not been allowed entry into the United States.

24.     Defendant's full name, according to his Texas Limited Term Identification Card and Passport, is Ali Rafiee Hanify.

25.     The Defendant is a citizen of Spain.

26.     The Defendant was born in Tehran, Iran.

27.     Defendant entered into a lease agreement with the Debtor and the Debtor's Wife to lease the Real Property back to the sellers for a period of approximately one (1) year, which either party could terminate with sixty (60) days written notice.

28.     322,500 Euros was worth approximately $404,737.29 USD on November 19, 2014.

<u>**Statement of Facts Remaining to Be Tried**</u>

1.     Whether the Defendant transferred any monies to the Debtor for the Rafiee Transfer.

2.     Whether the Defendant paid present fair equivalent value for the Rafiee Transfer.

3.      Whether the Defendant transferred the Purchase Price to the Debtor for the Rafiee Transfer.

4.      Whether the Defendant knew or should have known of the Debtor's bankruptcy case when he purchased the Real Property.

5.      Whether the Defendant knew or should have known of the Debtor's bankruptcy estate when he purchased the Real Property.

6.      Whether the Defendant knew the Debtor or the Debtor's wife before the transaction between the Debtor and the Defendant began.

**Statement of Issues of Law on Which There is Agreement**

The parties agree on the following issues of law:

1.      Except as provided in 11 U.S.C. § 549(c), the Trustee may avoid pursuant to § 549(a):

> (1) a transfer;
>
> (2) of property of the estate;
>
> (3) after the commencement of the case; and
>
> (4) that was not authorized under the Bankruptcy Code or by the bankruptcy court.

*See In re Marrero*, 382 B.R. 861, 865–66 (B.A.P. 1st Cir. 2008).

2.      The burden of proof to assert the avoidability of the Rafiee Transfer is on the Plaintiff.  Plaintiff must meet the preponderance of evidence standard.

3.      In order to defend an 11 U.S.C. § 549(a) avoidable post-petition transfer, the Defendant must prove under 11 U.S.C. §549(c) that he:

> (1) was a good faith purchaser without knowledge of the commencement of the case; and

(2) paid present fair equivalent value.

*See* 11 U.S.C. § 549(c).

4.     The burden of proof to assert the validity of the Rafiee Transfer is on the Defendant.  See Federal Rule of Bankruptcy Procedure 6001 ("[a]ny entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof").  Defendant must meet the preponderance of evidence standard.

5.     Texas is a community property state.  See Tex. Fam. Code § 3.002.

6.     Pursuant to 11 U.S.C. § 550(a)(1), to the extent the Rafiee Transfer is avoided under 11 U.S.C. § 549(a), the Trustee may recover, for the benefit of the estate, the Real Property transferred, or, if the Court so orders, the value of the Real Property, from the initial transferee of the Rafiee Transfer or the entity for whose benefit the Rafiee Transfer was made.

### Statement of Issues of Law Which Remain for Determination by the Court

1.     Whether Plaintiff can avoid the Rafiee Transfer pursuant to 11 U.S.C. § 549(a).

2.     Whether, pursuant to 11 U.S.C. §§ 541(a)(2) and 1115(a)(1), community property acquired post-petition but prior to conversion constitutes property of the estate in a Chapter 7 case that was converted from Chapter 11?[2]

3.     Pursuant to 11 U.S.C. § 549(c), whether the Defendant was a good faith purchaser of the Real Property without knowledge of the commencement of the Debtor's bankruptcy case.

---

[2] It is the Plaintiff's position that this purported affirmative defense was waived since it was not raised in the Defendant's Answer and Affirmative Defenses to Amended Complaint and Demand for Jury Trial [Adversary Case ECF No. 37].  If and when this issue of law is before the Court, the Plaintiff will raise such waiver argument.

4.      Pursuant to 11 U.S.C. § 549(c), whether the Defendant paid present fair equivalent value for the Real Property to or for the benefit of the Debtor.

5.      Pursuant to 11 U.S.C. § 549(c), if the Defendant did not pay present fair equivalent value for the Real Property to or for the benefit of the Debtor, is he entitled to a lien on the Real Property to the extent that he paid value to or for the benefit of the Debtor.

## Exhibit and Witness Lists

The Plaintiff's Exhibit List (except for impeachment exhibits) and his Witness List is attached hereto as Exhibit A.  Defendant's Exhibit List (except for impeachment exhibits) and his Witness List is attached as Exhibit B.

## Estimated Time of Trial

The parties estimate that the trial of this matter will take one (1) to two (2) trial days.

## Attorneys' Fees

Attorneys' fees are not at issue in the instant case.

Dated: September 1, 2016.

s/Stephen C. Breuer
Stephen C. Breuer
Florida Bar No. 99709
Stephen@Moffa.law
Moffa & Breuer, PLLC
1776 N. Pine Island Rd, Suite 102
Plantation, FL 33322
Telephone (954) 634-4733
Telecopy: (954) 337-0637

*Attorneys for Ali Rafiee*

s/Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
dgonzalez@melandrussin.com
Zachary N. James, Esquire
Florida Bar No. 893641
zjames@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Kenneth Welt, Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this case on September 1, 2016.

s/Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-61654-DPG

In re:

ALI REZA ZARGARAN,

       Debtor,

_____/

KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

       Plaintiff,

v.

ALI RAFIEE, MARYAM BAKER and
FARIDEH HANIFY,

       Defendants.

_____/

**<u>PLAINTIFF'S EXHIBIT REGISTER WITH DEFENDANT'S OBJECTIONS</u>**

Exhibits Submitted on behalf of: Plaintiff

Submitted by:  Plaintiff, Kenneth Welt, Trustee
                c/o Daniel N. Gonzalez, Esq.
                Florida Bar No. 592749
                dgonzalez@melandrussin.com
                Meland Russin & Budwick, P.A.
                200 S. Biscayne Blvd., Suite 3200
                Miami, FL 33131
                T: 305-358-6363 F: 305-358-1221

| Exhibit No. | Date | Description | Expects to Offer | May Offer | Objection |
|---|---|---|---|---|---|
| 1. | June 24, 2014 | Chapter 11 Voluntary Petition filed by Ali Reza Zargaran [ECF No. 1, Case No. 14-24390-RBR] | X | | Motion in Limine Pending: UP/Delay/ Waste/Need less |

EXHIBIT A

| | | | | | |
|---|---|---|---|---|---|
| 2. | July 8, 2014 | Schedules and Statement of Financial Affairs filed by Zargaran [ECF No. 24, Case No. 14-24390-RBR] | X | | Motion in Limine Pending: UP/Delay/Waste/Need less |
| 3. | October 2, 2014 | United States Trustee's Motion to Convert or Dismiss Case [ECF No. 100, Case No. 14-24390-RBR]; | X | | Motion in Limine Pending: UP/Delay/Waste/Need less |
| 4. | October 10, 2014 | Notice of Hearing on United States Trustee's Motion to Convert or Dismiss Case [ECF No. 101, Case No. 14-24390-RBR] | X | | Motion in Limine Pending: UP/Delay/Waste/Need less |
| 5. | October 27, 2014 | Order Converting Case to a Chapter 7 Case [ECF No. 112, Case No. 14-24390-RBR] | X | | Motion in Limine Pending: UP/Delay/Waste/Need less |
| 6. | March 20, 2015 | Plaintiff's First Request for Production of Documents to Defendant Ali Rafiee | X | | Motion in Limine Pending: Waste/Need less |
| 7. | April 28, 2015 | Defendant's Response to Request for Production | X | | Motion in Limine Pending: Waste/Need less |
| 8. | March 20, 2015 | Plaintiff's First Set of Interrogatories to Defendant Ali Rafiee | | X | Motion in Limine Pending: Waste/Need less |
| 9. | April 30, 2015 | Ali Rafiee's Responses-Answers to Plaintiff's First Set of Interrogatories | | X | Motion in Limine Pending: Waste/Need less |
| 10. | October 23, 2015 | Plaintiff's Second Request for Production of Documents to | X | | Motion in Limine |

| | | | | | |
|---|---|---|---|---|---|
| | | Defendant Ali Rafiee | | | Pending: Waste/Need less |
| 11. | July 27, 1995 | Articles of Incorporation for Ali Reza Zargaran, M.D., P.A. | | X | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 12. | December 2013 | TD Ameritrade Statement for Account ending 2220 for 12/01/13 – 12/31/13 | | X | Motion in Limine Pending: Waste/Need less |
| 13. | October 2014 | TD Ameritrade Statement for Account ending 2220 for 10/01/14 – 10/31/14 demonstrating transfers | | X | Motion in Limine Pending: Waste/Need less |
| 14. | October 2014 | Disbursement Summaries Ameritrade Account | | X | Motion in Limine Pending: Waste/Need less |
| 15. | October 24, 2014 | Special Warranty Deed for acquisition of real property by Debtor and Maryam Baker from RH of Texas Limited Partnership | X | | No objection |
| 16. | October 24, 2014 | HUD-1 Settlement Statement | X | | No objection |
| 17. | November 12, 2014 | Property Sale Contract for Sale of Helotes, TX Property from Debtor and Maryam Baker to Ali Rafiee | X | | No objection |
| 18. | November 19, 2014 | Special Warranty Deed transferring Helotes, Texas property to Ali Rafiee | X | | No objection |
| 19. | November 19, 2014 | Lease Agreement entered into by Debtor, Maryam Baker and Defendant | | X | No objection |

3

| | | | | | |
|---|---|---|---|---|---|
| 20. | July 13, 2015 | Letter from Consulate General's Office to Defendant | X | | No objection |
| 21. | N/A | Texas Limited Term Identification Card for Defendant | X | | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 22. | May 21, 2015 | Farideh Hanify's Florida Driver's License Transcript | X | | Motion in Limine Pending: R/UP/Misle ading |
| 23. | February 14, 1989 | Maryam Baker's application for a cosmetology license to the Florida Department of Professional Regulation | X | | Motion in Limine Pending: R/UP/Misle ading |
| 24. | December 17, 1996 | Deed for 1300 NE Miami Gardens Drive property | X | | Motion in Limine Pending: R/UP/Misle ading |
| 25. | April 2015 | Facebook and Texas Limited Term Identification Card - Ali Rafiee AKA Dominik Jalisko | | X | Motion in Limine Pending: R/UP/Misle ading |
| 26. | October 26, 2015 | Email from Jeffrey Solomon re Defendant's Passport | X | | Motion in Limine Pending: Waste/Need less |
| 27. | November 23, 2015 | Declaration Under Penalty of Perjury by Defendant Ali Rafiee in Opposition to Plaintiff's Motion for Summary Judgment | | X | Motion in Limine Pending: Waste/Need less |
| 28. | November 12, 2014 | Contract for Sale of Helotes, TX Property from Debtor and Maryam Baker to Ali Rafiee (Documents produced by Trinity Title of Texas, LLC and bates labeled) | | X | No objection |

| | | TRINITY_00004 – 00012) | | | |
|---|---|---|---|---|---|
| 29. | November 12, 2014 | Email from Eva Dominguez, Escrow Officer at Trinity Title to Ali Rafiee re: sale contract for purchase of Helotes, TX property (Documents produced by Trinity Title of Texas, LLC and bates labeled TRINITY_00031) | | X | No objection |
| 30. | November 19, 2014 | Email from Matt Obermeier at OSGC to Ali Rafiee re: Helotes, TX Property | | X | No objection |
| 31. | May 05, 2015 | Email from Erin Padron at Trinity Title of Texas to Larry Pecan re: not handling closing of Helotes, TX property | | X | Motion in Limine Pending: Waste/Need less |
| 32. | November 20, 2014 | Tax Certificate for Helotes, TX property | | X | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 33. | N/A | Proposed Commitment for Title Insurance from First American Title Insurance Co. | | X | No objection |
| 34. | November 26, 2014 | Documents provided to Debtor containing the estimate for Closing Costs issued by Trinity Title of Texas | | X | No objection |
| 35. | November 20, 2014 | Bexar County Property Search for 2015 tax period for property belonging to Debtor and Wife | X | | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 36. | December 01, 2014 | Email from Eva Dominguez to Ali Rafiee | | X | Motion in Limine Pending: R/UP/Misle |

| | | | | | ading |
|---|---|---|---|---|---|
| 37. | June 07, 2016 | Commitment for Title Insurance and related documents | | X | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 38. | June 07, 2016 | Bexar County Property Search Website | X | | Motion in Limine Pending: Waste/Need less |
| 39. | June 07, 2016 | Online Bexar County Property Search in the name of Ali Rafiee for Tax Year 2016 | X | | Motion in Limine Pending: Waste/Need less |
| 40. | June 07, 2016 | Property Appraised Value for Helotes Property from Bexar County Property Records Online Tool | | X | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 41. | June 07, 2016 | Complete Property and Tax Records for Helotes Property for 2016 | | X | No objection |
| 42. | December 09, 2014 | Letter from TD Ameritrade | | X | Motion in Limine Pending: UP/Delay/ Waste/Need less |
| 43. | June 06, 2016 | Deposition Transcript of Ali Rafiee taken on June 06, 2016 | | X | Motion in Limine Pending: As to Plaintiff's designations |
| 44. | | Expert Report of Brad Irelan, Esq. | | X | Motion in Limine Pending: Daubert/R/ H/UP/Misle |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | ading/Confusing/Reliability |
| 45. | May 15, 2015 | Amended Complaint [ECF No. 29] | X | | Motion in Limine Pending: UP/Delay/Waste/Needless |
| 46. | February 1, 2015 | Recorded Notice of Lis Pendens (ECF No. 2) | | X | Motion in Limine Pending: Waste/Needless |
| 47. | | All rebuttal exhibits | | | Defendant reserves the right to object |
| 48. | | All impeachment exhibits | | | Defendant reserves the right to object |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-61654-DPG

In re:

ALI REZA ZARGARAN,

      Debtor,

_____/

KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

      Plaintiff,

v.

ALI RAFIEE, MARYAM BAKER and
FARIDEH HANIFY,

      Defendants.

_____/

## PLAINTIFF'S WITNESS LIST

**Expect to Call**

Kenneth A. Welt
c/o Daniel N. Gonzalez, Esq.
Meland, Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33133

Ali Rafiee (via deposition designation)
c/o Stephen Breuer, Esq.
Moffa & Breuer, PLLC
1776 North Pine Island Road, Suite 102
Plantation, FL 33322-5223

1

**<u>May Call if Need Arises</u>**

Bradford W. Irelan, Esq. (Expert) c/o Daniel N. Gonzalez, Esq.
Meland, Russin & Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33133

Submitted by:  Plaintiff, Kenneth Welt, Trustee
c/o Daniel Gonzalez, Esq.
Florida Bar No. 592749
dgonzalez@melandrussin.com
Meland Russin & Budwick, P.A.
200 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-6363 F: 305-358-1221

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-61654-DPG

In re:

ALI REZA ZARGARAN,

      Debtor,

_____/

KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

      Plaintiff,

v.

ALI RAFIEE, MARYAM BAKER and
FARIDEH HANIFY,

      Defendants.

_____/

## EXHIBIT REGISTER

Exhibits Submitted on behalf of:

[   ] Plaintiff      [X] Defendant      [ ] Debtor      [ ] Other

SUBMITTED BY:      Moffa & Breuer, PLLC
      Attorneys for the Defendant
      1776 N. Pine Island Rd. #102
      Plantation, Florida 33322
      Telephone    954-634-4733
      FAX        954-337-0637
      Email   Stephen@moffa.law
      By: /s/ Stephen C. Breuer
           Stephen C. Breuer
           FBN 99709

| Exhibit Letter | Description | Expects to Offer | May Offer if Need Arises | Plaintiff's Objection |
|---|---|---|---|---|
| A | Contract for Purchase and Sale of Real Property located at 10431 Springcroft Ct. Helotes, TX 78023. Summary: This document is a copy of | X | | No objection |

LF-49 (rev. 12/01/09)

EXHIBIT B

| | | | | |
|---|---|---|---|---|
| | the written agreement between purchaser Ali Rafiee and sellers Ali R. Zargaran and Maryam Baker for the purchase and sale of the relative real property. | | | |
| B | Receipt for cash paid for real property, dated November 19, 2014.<br>Summary: This document recites consideration paid by purchaser Ali Rafiee and received by the agent of sellers, Juan Morano, for the purchase and sale of the relevant real property. This document also recites that purchaser Ali Rafiee received via electronic mail the Warranty Deed for the property concluding the necessary processing of legal documents from a lawyer and notary, and finalizing receipt of payment from the purchaser and new owner, Ali Rafiee. | X | | **Motion in Limine Pending**<br><br>**A**<br>**H**<br>**Uncertified Translation** |
| C | Email from Eva Dominguez to Ali Rafiee dated Dec. 1, 2014.<br>Summary:<br>This electronic communication received by defendant Ali Rafiee from escrow officer Eva Dominguez of Trinity Title of Texas, attaches a copy of a title commitment related to the real property. | | X | **Motion in Limine Pending**<br><br>**H**<br>**R** |
| D | Commitment for Title Insurance T-7, First American Title Insurance Company, effective date November 12, 2014 .<br>Summary: This document contains a commitment for title insurance related to the purchase and sale of the relevant real property from sellers Ali R. Zargaran and Maryam Baker to purchaser Ali Rafiee, including the purchase price of $375,000.00, the proposed insured (purchaser Ali Rafiee), the legal description of the real property, all exclusions of coverage for which the insurer would not insure, and other schedules related to the proposed insurance commitment. | X | | **Motion in Limine Pending**<br><br>**A**<br>**H**<br>**R**<br>**LOF** |
| E | Warranty Deed dated November 19, 2014, and recorded on November 21, 2014.<br>Summary: This documents contains the signatures of the sellers, and conveyed title to defendant Ali Rafiee. | X | | **No objection** |

LF-49 (rev. 12/01/09)

| F | Deposition audio and/or video and/or transcript from defendant Ali Rafiee's deposition.   THIS TRANSCRIPT HAS NOT BEEN RECEIVED TO DATE. <br> <u>Summary:</u> This document will contain the deposition testimony of defendant Ali Rafiee from his deposition taken on June 6, 2016. | X | | **Plaintiff's Objections are marked in Deposition Designation** |

## WITNESS LIST

In addition to the Exhibits listed above, Defendant intends to introduce the testimony of the Defendant, from his deposition that took place on June 6, 2016.

Moffa & Breuer, PLLC
Attorneys for Defendant
1776 North Pine Island Road, Suite 102
Plantation, Florida 33322
Telephone 954-634-4733
FAX 954-337-0637
Email  Stephen@moffa.law

By:      <u>/s/ Stephen C. Breuer</u>
John A. Moffa
FBN 932760
Stephen C. Breuer
FBN 99709

LF-49 (rev. 12/01/09)